IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| KENNETH A. BENNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 1:05CV0764 |
| | ) | |
| THE NORTH CAROLINA | ) | |
| DEPARTMENT OF TRANSPORTATION, | ) | |
| LYNDO TIPPETT, Secretary, | ) | |
| North Carolina Department | ) | |
| of Transportation, and C.D. CLOUD, and | ) | |
| TIM BOLAND, in their individual and | ) | |
| official capacities, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM AND ORDER

Beaty, Chief Judge.

This case involves claims of race discrimination in employment under Title VII of the

Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e and 42 U.S.C. § 1983. The claims are

brought by Kenneth A. Bennett ("Bennett" or "Plaintiff") against his employer, the North

Carolina Department of Transportation (the "DOT"), the Secretary of the DOT, Lyndo Tippett

("Tippett"), and C.D. Cloud ("Cloud") and Tim Boland ("Boland") (together "Defendants"),

employees of the DOT, in their individual and official capacities. Defendant DOT, on behalf

of all of the Defendants, has filed a Motion to Dismiss [Document # 19] pursuant to Rules

12(b)(1), 12(b)(2) and 12(b)(6) seeking dismissal of each of the Plaintiff's claims. For the reasons

discussed below, Defendants' Motion to Dismiss is granted in part and denied in part.

## I. FACTUAL BACKGROUND

According to the allegations in Plaintiff's Amended Complaint, Plaintiff is an African American male and is employed as a Construction Technician IV by the DOT at its Albermarle, North Carolina, facility.  In October 2002, Plaintiff applied for a Construction Technician V position with the DOT.  Eight of the ten applicants who applied met the qualifications for the position.  Plaintiff alleges that he was qualified for the position and was interviewed by Boland, a Division Operations Engineer, in December 2002.  In March 2003, Plaintiff was notified that he was not chosen for the position, and that a white employee with less seniority and less qualifications than he, had been promoted instead.  Plaintiff contends that the white employee was hired by Boland upon recommendation of Cloud, a Union County Assistant Engineer. Plaintiff further alleges that during his course of employment with the DOT, he has been subject to racial slurs directed toward him and others of his race by co-workers.

Based upon these allegations, Plaintiff filed a Charge with the North Carolina Office of Administrative Hearings (the "OAH") on July 3, 2003.  The OAH subsequently investigated the matter and issued a written determination on January 31, 2005, which concluded that there was no reasonable cause to believe that the DOT's actions in this matter violated any state or federal law.  The OAH thereafter referred its findings to the Equal Employment Opportunity Commission ("EEOC"), and the EEOC issued Plaintiff a right-to-sue letter on June 1, 2005. Plaintiff then filed a Complaint with this Court (hereinafter the "Original Complaint") against the DOT on September 2, 2005, asserting claims of race discrimination under Title VII and

2

§ 1983, and hostile work environment under Title VII and § 1983, seeking injunctive relief and monetary damages. On May 24, 2006, Plaintiff filed an Amended Complaint adding Defendants Tippett, Cloud, and Boland in their individual and official capacities.

## II. JURISDICTION

The DOT has moved to dismiss all of the claims against Tippett, Cloud, and Boland and Plaintiff's Title VII claim for hostile work environment under Rule 12(b)(1) for lack of jurisdiction. When a Defendant's motion to dismiss challenges a federal court's subject matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of proving that such jurisdiction exists. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). When determining the existence of subject matter jurisdiction, a court may consider the pleadings as evidence and may also look to evidence outside the pleadings without treating the inquiry as one for summary judgment. Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). A court should dismiss an action for lack of federal subject matter jurisdiction "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. (quoting Richmond, F. & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991)). In summary, Defendants argue that Plaintiff's Amended Complaint is subject to dismissal for lack of jurisdiction because: Plaintiff failed to exhaust his administrative remedies under Title VII; Plaintiff cannot legally add Defendants Tippett, Cloud and Boland to his Amended Complaint; Plaintiff failed to include a claim of hostile work environment under Title VII in his EEOC Charge; and Plaintiff is barred as a matter of law from asserting § 1983 claims against the DOT

3

and its officials. Plaintiff, of course, refutes each of Defendants' bases for dismissal of his Amended Complaint based upon jurisdictional grounds. The Court now turns to address each of Defendants' arguments with regard to this Court's jurisdiction.

A. Exhaustion of Administrative Remedies Under Title VII

First, Defendants argue that Plaintiff's Title VII claims should be dismissed for failure to exhaust administrative procedures as required under Title VII. Before a federal court may assume jurisdiction over an employment discrimination claim, the plaintiff must exhaust the administrative procedural requirements of 42 U.S.C. § 2000e-5(b) (2007). Section 2000e-5(b) requires an investigation of the discriminatory actions alleged in the EEOC Charge and a determination by the EEOC as to whether "reasonable cause" exists to believe that the allegations are true. 42 U.S.C. § 2000e-5(b) (2007). Defendants argue that, "where state law protects persons from the kind of discrimination alleged, complainants are required to resort to state and local remedies before they may proceed to the EEOC, and then to federal court, on their claims of discrimination under federal law." (Defs.' Mem. Supp. Mot. Dismiss at 5) [Document # 19 at 5] Section 2000e-5(c) further provides that no Charge may be filed with the EEOC within sixty days after the commencement of proceedings under state or local law. 42 U.S.C. § 2000e-5(c) (2007).

Defendants argue that Plaintiff never commenced proceedings under North Carolina law by filing a Petition for Contested Case Hearing with the OAH. However, Section 2000e-8(b) provides that the EEOC "may enter into written agreements with such State or local agencies

4

and such agreements may include provisions under which the Commission shall refrain from processing a charge in any cases or class of cases specified in such agreements or under which the Commission shall relieve any person or class of persons in such State or locality from requirements imposed under this section." 42 U.S.C. § 2000e-8(b) (2007). In this instance, the EEOC has entered into an agreement with the State of North Carolina regarding the administrative procedure for filing an employment discrimination charge. Specifically, Plaintiff relies upon North Carolina General Statute § 7A-759 which provides:

> As provided in the contract between the Office of Administrative Hearings and the Equal Employment Opportunity Commission, a deferred charge for purposes of 42 U.S.C. § 2000e-5(c) or (d) is a charge that is filed by a state or local government employee covered under Chapter 126 of the General Statutes and alleges an unlawful employment practice prohibited under that chapter or any other state law. A deferred charge may be filed with either agency. The day the deferred charge is filed with either agency is considered to be a commencement of the proceeding under state law for purposes of 42 U.S.C. 2000e-5(c) or (d).

A "deferral agency" is a state or local authority authorized to grant or seek relief from unlawful employment practices prohibited by state or local law for purposes of Title VII. Puryear v. County of Roanoke, 214 F.3d 514, 518 (4th Cir. 2000). In this case, Plaintiff filed a Charge of Discrimination with OAH *and* the EEOC on July 3, 2003. (Defs.' Mem. Supp. Mot. Dismiss, Exhibit 3) In fact, the Charge states, "I want this charge filed with both the EEOC and the State or local Agency, if any." (Defs.' Mem. Supp. Mot. Dismiss, Exhibit 3) In the Charge, Plaintiff raised claims of race discrimination in violation of Title VII, the relevant North Carolina law, Chapter 7A-759 and 126-16 of the North Carolina General Statutes, and "all other

5

applicable State Laws." Id. The OAH did in fact conduct an investigation and made a determination regarding Plaintiff's Charge on January 31, 2005. (Defs.' Mem. Supp. Mot. Dismiss, Exhibit 5). Thus, the Court finds no merit in the Defendants' contentions in this regard. The Court finds that in accordance with the agreement between the EEOC and the State of North Carolina, Plaintiff commenced proceedings with the OAH *and* the EEOC when he filed his Charge of discrimination on July 3, 2003. Accordingly, the Court concludes that Plaintiff exhausted the administrative prerequisites of Title VII before commencing a federal action in this Court. Therefore, Plaintiff's claims will not be dismissed on jurisdictional grounds for failure to commence proceedings under state law.

B. Addition of Defendants in Plaintiff's Amended Complaint

Next, Defendants argue that the claims against Tippett, Cloud and Boland should be dismissed because: (1) the addition of these Defendants was in violation of a Court Order; (2) the additional Defendants were not named in the original EEOC Charge; (3) the addition of these Defendants was untimely; and (4) the additional Defendants are not "employers" under Title VII.

Plaintiff filed his Original Complaint on September 2, 2005, naming the DOT as Defendant [Document # 1]. Plaintiff subsequently filed a Motion to Amend the Complaint [Document # 11] and attached thereto a Proposed Amended Complaint [Document # 13]. Plaintiff's Proposed Amended Complaint added Tippett and Cloud as Defendants. This Court granted Plaintiff's Motion to Amend [Document # 16]. When Plaintiff later filed his Amended Complaint with the Court, Plaintiff added yet another Defendant, Boland. Defendants argue

6

that Plaintiff's addition of Defendant Boland in the Amended Complaint was in violation of the Court's Order, since Boland was not named as a Defendant in the Proposed Amended Complaint submitted with Plaintiff's Motion to Amend. The Court finds that regardless of who was named as Defendant in Plaintiff's Proposed Amended Complaint, Plaintiff was at liberty to amend the Original Complaint without leave of the Court since Defendants had not yet filed an Answer when Plaintiff filed his Amended Complaint. Thus, while Plaintiff's Amended Complaint as filed did not precisely comport with the Proposed Amended Complaint submitted to the Court, Plaintiff did not violate this Court's Order by merely adding Boland as a Defendant in the Amended Complaint.

Next, Defendants argue that Plaintiff's claims against Tippett, Cloud, and Boland should be dismissed because these Defendants were not named in the original EEOC Charge. "Title VII precludes a plaintiff from stating a claim against any defendant not named a respondent in an EEOC charge." 42 U.S.C. § 2000e-5(f)(1); Onan v. County of Roanoke, No. 941-1770, 1995 WL 234290, at *2 (4th Cir. April 21, 1995) (citing Mickel v. South Carolina State Employment Service, 377 F.2d 239, 242 (4th Cir. 1967). The Court notes that the DOT was indeed the only Respondent named in Plaintiff's EEOC Charge. Further, Plaintiff concedes that Defendants Tippett, Cloud and Boland were added to the Amended Complaint in support of his § 1983 claims, and not for purposes of the Title VII claims. It is not specified in Plaintiff's Amended Complaint which claims are being asserted against each Defendant. Rather, the Amended Complaint generally alleges § 1983 claims and Title VII claims against all Defendants. To the

7

extent that it appears from the Amended Complaint that Title VII claims may have been asserted against Tippett, Cloud and Boland, without having named them in his EEOC Charge, Plaintiff's Title VII claims against the additional named Defendants are dismissed.

Furthermore, even if the Court were to conclude, however, that Plaintiff could have brought claims against Tippett, Cloud and Boland notwithstanding the Plaintiff's failure to name them in the EEOC charge, those claims must have, nevertheless, been timely raised. Title VII requires that a suit alleging discrimination in employment be filed within 90 days of the plaintiff's receipt of a right-to-sue letter from the EEOC. Plaintiff alleges that the right-to-sue letter was issued on June 1, 2005. Plaintiff further alleges that he filed suit within 90 days of receipt of the right-to-sue letter, on September 2, 2005. Tippett, Cloud, and Boland were not named as Defendants until Plaintiff filed his Amended Complaint on May 24, 2006. Thus, Plaintiff's Title VII claims against these Defendants are timely only if they "relate back" to the date the Original Complaint was filed. Federal Rule of Civil Procedure 15(c)(3) provides the Court with guidance when determining whether an amended pleading which attempts to add a party relates back to the date of the original pleading. Rule 15(c)(3) provides that claims relate back only if the amended pleading "changes the party or the naming of the party against whom a claim is asserted," provided that the newly added party receives notice of the action and either knew or should have known but for mistake regarding the identity of the proper party, that the action would have originally been brought against him. Fed. R. Civ. P. 15(c)(3) (2007). Plaintiff has neither alleged, nor argued any mistake on his behalf regarding the identity of the proper

party to be sued in this case. Moreover, courts have held that: "Rule 15(c)(3) permits a plaintiff to name a new defendant *in place of an old one*, but does not permit a plaintiff to name a new defendant *in addition to* the existing ones." <u>Onan</u>, WL 234290 *2, (citing <u>Wilson v. U.S.</u>, 23 F.3d 559, 563 (1st Cir. 1994); <u>Worthington v. Wilson</u>, 8 F.3d 1253, 1256 (7th Cir. 1993); <u>In re Kent Holland Die Casting & Plating, Inc.</u>, 928 F.2d 1448, 1449 (6th Cir. 1991))(emphasis added). Because Plaintiff did not add Tippett, Cloud and Boland as Defendants in place of the original Defendant in this case, the claims asserted against these Defendants do not relate back, and therefore, were not timely raised. Consequently, the Court grants Defendants' motion to dismiss the Title VII claims against Tippett, Cloud, and Boland in their individual and official capacities.[1]

### C. Addition of Title VII Hostile Work Environment Claim in EEOC Charge

Defendants further argue that this Court has no jurisdiction over Plaintiff's claim of hostile work environment under Title VII because it was not alleged in Plaintiff's Charge filed with the OAH and the EEOC on July 3, 2003. "The allegations contained in the administrative charge of discrimination generally operate to limit the scope of any subsequent judicial complaint. Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." <u>Evans v. Technologies</u>

---

[1] Because the Court has dismissed Plaintiff's Title VII claims against Tippett, Cloud and Boland, the Court declines to address whether these Defendants are "employers" under Title VII.

9

<u>Applications & Serv. Co.</u>, 80 F.3d 954, 962-63 (4th Cir. 1996)(internal citations omitted). Plaintiff concedes that his EEOC Charge did not allege a hostile work environment claim. Accordingly, Plaintiff's claim of hostile work environment under Title VII is dismissed.

  D. Section 1983 Claims Against the State and State Officials

  Finally, with respect to jurisdiction, Defendant DOT argues that Plaintiff's § 1983 claims against it and its officials are barred as a matter of law. Plaintiff has asserted a § 1983 claim against the DOT and against Tippett, Cloud and Boland in their official capacities. Section 1983 suits redress deprivations of civil rights by "persons" acting "under color of state law." 42 U.S.C. § 1983 (2007). First, with regard to the Plaintiff's § 1983 claims against the DOT, Defendant argues that the DOT, an agency of the State of North Carolina, is not an entity which may be sued under § 1983. <u>See</u>, <u>Town of Morehead City v. North Carolina Dep't of Transp.</u>, 74 N.C. App. 66, 69, 327 S.E.2d 602, 604 (1985) (explaining that the "North Carolina Department of Transportation, acting on behalf of the State itself, [is] in essence the sovereign"). In <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, L. Ed. 2d 45 (1989), appellant, an employee of the Michigan Department of State Police, sued his employer and the Director of the State Police in his official capacity under § 1983 alleging that he had been wrongfully denied a promotion. The Supreme Court held in that case that a State is not a "person" within the meaning of § 1983 and that the Eleventh Amendment prohibits a State from being sued without its consent. <u>Id.</u> The Court notes that Plaintiff has not alleged that the DOT has consented to suit, thereby waiving its Eleventh Amendment immunity. In light of the

10

Supreme Court's decision, the Court finds merit in the DOT's contentions that it is not a "person" capable of being sued under § 1983. Accordingly, Plaintiff's § 1983 claims for racial discrimination and hostile work environment against the DOT are dismissed.

Defendants also argue that Plaintiff's § 1983 claims for race discrimination and hostile work environment against Tippett, Cloud and Boland in their official capacities should be dismissed pursuant to Rule 12(b)(1) and Rule 12(b)(2) for lack of personal jurisdiction, because the Defendants are not "persons" within the meaning of § 1983. With regard to state officials sued in their official capacity, the Supreme Court concluded in <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. at 7, 109 S. Ct. at 2312, that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." (citing <u>Brandon v. Holt,</u> 469 U.S. 464, 471, 105 S. Ct. 873, 877, 83 L. Ed. 2d 878 (1985); <u>Kentucky v. Graham</u>, 473 U.S. 159, 165-66, 105 S. Ct. 3099, 3104-05, 87 L. Ed. 2d 114 (1985); <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 690, 98 S. Ct. 2018, 2035, n. 55, 56 L. Ed. 2d 611 (1978)). However, distinguishing the appellant's claim for monetary damages under § 1983 from his claim for injunctive relief, the Supreme Court stated, "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" <u>Id.</u> (quoting <u>Kentucky v. Graham</u>, 473 U.S. at 167, n.14, 105 S. Ct. at 3106, n. 14; <u>Ex parte Young,</u> 209 U.S. 123, 159-60, 28 S. Ct. 441, 453-54, 52 L. Ed. 714 (1908)). Therefore, the Court finds that Defendants Tippett, Cloud, and Boland may not be held liable

11

in their official capacities for monetary damages pursuant to § 1983. Thus, to the extent that

Plaintiff alleges a § 1983 claim for money damages against these Defendants in their official

capacities, those claims are dismissed. However, to the extent Plaintiff's claim for injunctive

relief against Defendants Tippett, Cloud and Boland survives this basis for dismissal, the Court

now turns to address on the merits, Defendants' Motion to Dismiss the Plaintiff's remaining

claims.

III. <u>FAILURE TO STATE A CLAIM</u>

The DOT also seeks dismissal of Plaintiff's § 1983 claims for race discrimination and

hostile work environment pursuant to Rule 12(b)(6) for failure to state a claim upon which relief

can be granted.[2] A motion to dismiss for failure to state a claim is permissible "only in very

limited circumstances." <u>Rogers v. Jefferson-Pilot Life Ins. Co.</u>, 883 F.2d 324, 325 (4th Cir. 1989).

Generally, a court may dismiss a complaint "only if it is clear that no relief could be granted

under any set of facts that could be proved consistent with the allegations." <u>Swierkiewicz v.</u>

<u>Sorema N.A.</u>, 534 U.S. 506, 514, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002) (internal quotations

omitted); <u>accord</u> <u>Mylan Labs., Inc. v. Matkari</u>, 7 F.3d 1130, 1134 (4th Cir. 1993). In making this

---

[2] The DOT refers to Plaintiff's § 1983 claims as claims under 42 U.S.C. § 1981 throughout the motion to dismiss and supporting briefs. Plaintiff mentions § 1981 in the Introduction to the Amended Complaint, but asserts that his claims are filed pursuant to § 1983. "Where all named defendants are state actors and the complaint alleges a § 1983 claim covering the same factual matters as the § 1981 claim, courts may dismiss the § 1981 claim or may deem the § 1981 claim merged with the § 1983 claim." Accordingly, the Court deems any purported § 1981 claim merged with Plaintiff's § 1983 claims and will, therefore, only address the merits of the § 1983 claims.

determination, a court must view the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded allegations. Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994).

A. Section 1983 Claims

1. Claims Against Tippet, Cloud and Boland in Their Official Capacities for Discriminatory Failure to Promote

First, with regard to the Plaintiff's remaining § 1983 claim for injunctive relief against Defendants Tippett, Cloud, and Boland in their official capacities, Defendants argue that Plaintiff's § 1983 claim for race discrimination should be dismissed for failure to state a claim. Specifically, Defendants argue that Plaintiff has failed to allege a "policy or custom" of discrimination. To hold these Defendants liable in their official capacities for a constitutional violation under § 1983, Plaintiff must plead: (1) the existence of an official policy or custom; (2) that the policy or custom is fairly attributable to government; and (3) that the policy or custom proximately caused the deprivation of a constitutional right. Jordan ex. rel. v. Jackson, 15 F.3d 333, 338 (4th Cir. 1994); Love-Lane v. Martin, 355 F.3d 766, 782 (4th Cir. 2004). The "official policy" requirement is "intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." Pembaur v. City of Cincinnati, 475 U.S. 469, 479, 106 S. Ct. 1292, 1298, 89 L. Ed. 2d 452 (1986) (emphasis in original).

Plaintiff has not alleged that Cloud or Boland acted pursuant to an official policy or

13

custom of the DOT. Plaintiff, argues, however, that an unconstitutional policy can be inferred from the allegations in the Amended Complaint since the employment decisions were made by Cloud and Boland, "the individuals with the highest authority for making employment decisions in the [DOT]." (Pl.'s Br. Resp. Defs.' Mot. Dismiss at 7) [Document # 22 at 7] "To hold the municipality liable for a single decision (or violation), the decision maker must possess 'final authority to establish municipal policy with respect to the action ordered.'" Love-Lane, 355 F.3d at 782; see also, St. Louis v. Praprotnik, 485 U.S. 112, 123, 108 S. Ct. 915, 918, 99 L. Ed. 2d 107 (1988) ("We have assumed that an unconstitutional governmental policy could be inferred from a single decision taken by the highest officials responsible for setting policy in that area of the government's business"). However, the Supreme Court has stated that the exercise of functions of employment, does not, without more, give rise to municipal liability. Pembaur, 475 U.S. at 482-83, 106 S. Ct. at 1300. Cloud and Boland must also be responsible for establishing a final government policy regarding that activity before they can be held liable.

The Amended Complaint alleges that Cloud and Boland are the employees of the DOT with the authority to make the promotion at issue in this case.[3] Considering the allegations in

---

[3] The Complaint further alleges that Tippett "ratified" the DOT employees' decision. The Court recognizes that an official "policy or custom" can, in some limited circumstances, be inferred from an official's ratification of a constitutional violation. See Edwards v. City of Goldsboro, 178 F.3d 231, 245 (4th Cir. 1999) (holding that plaintiff sufficiently alleged the existence of a policy or custom, in part, because plaintiff alleged that the city manager ratified the challenged action). However, in his Response to Defendants' Motion to Dismiss, Plaintiff does not argue that a policy or custom can be inferred from Tippett's alleged ratification of Cloud and Boland's actions. Therefore, the Court declines to address whether Plaintiff's allegation that Tippett "ratified" Cloud and Boland's decision gives rise to an inference of a policy

14

the light most favorable to the Plaintiff, the Court could infer from the allegations in Plaintiff's Amended Complaint, particularly considering Plaintiff's allegation that Boland's decision to promote someone other than the Plaintiff was influenced by Cloud's recommendation, that Cloud and Boland were the highest officials responsible for the promotion policy in question. Plaintiff is required under Fed. R. Civ. P. Rule 8(a)(2) to provide nothing more than a "short and plain statement of the claim" that "'gives the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Chao v. Rivendell Woods, Inc., 415 F.3d 342, 346 (4th Cir. 2005) (quoting Swierkiewicz, 534 U.S. at 512, 122 S. Ct. at 998. Consequently, the Court concludes that Plaintiff has alleged facts sufficient to establish a policy or custom of discrimination in promotion. Therefore, Defendants' motion to dismiss Plaintiff's § 1983 claim against Tippet, Cloud and Boland in their official capacities for discriminatory failure to promote will be denied.

      2. Claims Against Tippett, Cloud and Boland in their Individual Capacities and the Doctrine of Qualified Immunity

Finally, with regard to Plaintiff's § 1983 claims against Tippett, Cloud, and Boland in their individual capacities, Defendants argue that Plaintiff's claims should be dismissed under the doctrine of qualified immunity. The defense of qualified immunity "shield[s] [governmental agents] from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Behrens v.

---

or custom on the part of the DOT.

Pelletier, 516 U.S. 299, 305-06, 116 S. Ct. 834, 838, 133 L. Ed. 2d 773 (1996) (brackets in original) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738, 73 L. Ed. 2d 396 (1982)). In order to determine if an individual defendant has qualified immunity, the Court must, as a "threshold question," determine whether, when "taken in the light most favorable to the party asserting the injury . . . the facts alleged show the [Defendant's] conduct violated a constitutional right." Saucier v. Katz, 533 U.S. 194, 201, 121 S. Ct. 2151, 2156, 150 L. Ed. 2d 272 (2001). If the Court answers this question in the affirmative, it then must consider the second inquiry regarding "whether the constitutional right was clearly established" at the time the alleged constitutional violation occurred. Id. Whether the Defendants are entitled to qualified immunity is "essentially a legal question." DiMeglio v. Haines, 45 F.3d 790, 794 (4th Cir. 1995).

First, with regard to the initial inquiry of a qualified immunity analysis, it is well-settled that citizens have the right to be free from discrimination on the basis of race by state actors. See, e.g., Loving v. Virginia, 388 U.S. 1, 10, 87 S. Ct. 1817, 1823, 18 L. Ed. 2d 1010 (1967) ("The clear and central purpose of the Fourteenth Amendment was to eliminate all official state sources of invidious racial discrimination in the States"). Defendants contend that Plaintiff failed to allege which of the Defendants denied him his constitutionally protected rights because of the Plaintiff's general references to "Defendants" throughout the Amended Complaint. Plaintiff's Amended Complaint alleges that he was interviewed for the promotion by Boland and acting upon recommendation by Cloud, Boland chose a white employee who was allegedly less qualified and had less seniority than did the Plaintiff. The Amended Complaint further alleges

16

that Plaintiff was not chosen for the position solely because of his race. Finally, it alleges that Tippett ratified the conduct complained of in the Amended Complaint. Based upon these allegations, the Court finds no merit in the Defendants' contentions that Plaintiff failed to identify which Defendants deprived him of his constitutional rights, and concludes that Plaintiff has sufficiently alleged which of the Defendants denied him his constitutionally protected rights.

Next, with regard whether Plaintiff's rights were "clearly established" at the time of the alleged constitutional violation, Defendants contend that they are "unaware of any case in any jurisdiction under any theory where an employer's failure to promote an employee amounted to a violation of the Equal Protection Clause." (Defs.' Mem. Supp. Mot. Dismiss at 16) [Document # 19 at 16]. The Court notes, however, that the Fourth Circuit has held that "Title VII is not an exclusive remedy for employment discrimination by a public entity. A state employee may still bring a Fourteenth Amendment challenge under 42 U.S.C. § 1983 to discriminatory employment decisions . . . . The duty of the federal courts, whether under Title VII or 42 U.S.C. § 1983, is to redress *racial*, sexual, religious and national origin discrimination in employment." Holder v. Raleigh, 867 F.2d 823, 828 (4th Cir. 1989) (emphasis added). Indeed, the Fourth Circuit has specifically recognized a cause of action under 42 U.S.C. § 1983 for discrimination in promotion practices. See, e.g., Hooper v. State of Md. Dept. of Human Resources, No. 94-1067, 1995 WL 8043 (4th Cir. January 10, 1995) (holding that in a suit alleging employment discrimination based on race, including allegations of being passed up for a promotion, plaintiff must show that the adverse employment action was motivated by plaintiff's

17

race); <u>Keller v. Prince George's County</u>, 923 F.2d 30, 32-33 (4th Cir. 1991) (holding that where a state employee brought suit under § 1983 and Title VII alleging racial discrimination in denying a promotion, Title VII does not provide an exclusive remedy for employment discrimination based on the Fourteenth Amendment); <u>see</u> <u>also</u> <u>Guseh v. N.C. Cent. Univ.</u>, 423 F. Supp. 2d 550, 560 (M.D.N.C. 2005) (considering a plaintiff's claim of discrimination under § 1983 based on four instances of discriminatory failure to promote). Furthermore, the Fourth Circuit has stated that, "a constitutional right is clearly established for qualified immunity purposes not only when it has been 'specifically adjudicated' . . . [but] when the defendants' conduct is so patently violative of the constitutional right that reasonable officials would know without guidance from the courts that the action was unconstitutional, closely analogous pre-existing case law is not required. . ." <u>Clem v. Corbeau</u>, 284 F.3d 543, 553 (4th Cir. 2002)(internal citations omitted). The appropriate question, then, for the Court to consider is whether the Defendants should reasonably know that denying a promotion on the basis of race constitutes a violation of the Equal Protection Clause. Considering the facts as alleged in the Amended Complaint in the light most favorable to Plaintiff, the Court concludes that Bennett's right to be free from racial discrimination in promotion practices is a clearly established right of which a reasonable person would know. Because Tippett, Cloud and Boland's conduct as alleged in the Amended Complaint violates a clearly established right, these Defendants are not immune from suit on the basis of qualified immunity. Accordingly, the Court denies Defendants' motion to dismiss Plaintiff's § 1983 claims against Tippett, Cloud and Boland in their individual capacities insofar

18

as Defendants' motion is based on a defense of qualified immunity.[4]

B. Section 1983 Claim for Hostile Work Environment

Plaintiff has also alleged a cause of action for hostile work environment under § 1983. To the extent that Plaintiff attempted to assert a hostile work environment claim, Plaintiff presented no facts to support such a claim. The Fourth Circuit has held that a plaintiff alleging a hostile work environment claim must substantiate his claim with reasonable specifics about alleged incidents that underlie the claim. Carter v. Ball, 33 F.3d 450, 461-62 (4th Cir. 1994). The Amended Complaint in this instance alleges that during the Plaintiff's course of employment with the DOT, he was "exposed to racial slurs directed toward him and others of his race and color by co-workers." (Compl. ¶ 14) Plaintiff, however, has failed to allege any specifics about the alleged racial slurs, including the contents of the alleged racial slurs, who uttered them, or when the harassment occurred. Furthermore, Plaintiff's conclusory allegations are neither severe nor pervasive enough to support a viable claim. See, e.g., Harris v. Forklift Sys., Inc., 510 U.S. 17, 23, 114 S. Ct. 367, 126 L. Ed. 2d 295 (1993) (holding that to determine whether a work environment is hostile a court must look to the frequency of the conduct; its severity; whether it is physically threatening or a mere offensive utterance; whether the conduct interfered with

---

[4] The Court notes, however, that to ultimately succeed on his § 1983 claim, Plaintiff's proof must support a determination that the individuals named in the Amended Complaint violated his constitutional rights. Eberhart v. Gettys, 215 F. Supp. 2d 666, 679 (M.D.N.C. 2002). Therefore, the Court's ruling at the motion to dismiss to stage on Plaintiff's § 1983 claim for discriminatory failure to promote against Tippett, Cloud and Boland in their individual capacities does not preclude the Defendants from raising the defense of qualified immunity upon a motion for summary judgment or at trial.

the plaintiff's work performance; and the psychological harm, if any, which resulted); Conner

v. Schrader-Bridgeport Int'l, Inc., 227 F.3d 179, 193 (4th Cir. 2000) (applying the factors set forth

in Harris). Accordingly, the Court finds that Plaintiff has failed to state any facts which would

support a cause of action for hostile work environment under § 1983. Therefore, Defendants'

motion to dismiss Plaintiff's claim of hostile work environment is granted.

C. Claim for Punitive Damages Under Title VII and § 1983

Finally, Defendants contend that Plaintiff's claim for punitive damages should be

dismissed. In this regard, the DOT is correct that Plaintiff may not recover punitive damages

through his Title VII claim of race discrimination against the DOT. See 42 U.S.C. § 1981a(b)(1)

(barring Title VII recovery of punitive damages from a government or government agency); see

also, Googerdy v. N.C. Agric. & Tech. State Univ., 386 F. Supp. 2d 618, 625 (M.D.N.C. 2005)

(holding that the defendant, an alter ego of the State of North Carolina, is immune from punitive

damages). Thus, the DOT's motion to dismiss Plaintiff's claim for punitive damages under Title

VII is granted. However, because the Court has denied Defendants' motion to dismiss Plaintiff's

§ 1983 claims against Tippet, Cloud and Boland in their individual capacities insofar as

Defendants' motion was based on a defense of qualified immunity, and because the Defendants

have not challenged the sufficiency of those claims on the merits, the Court will also deny

Defendants' motion to dismiss Plaintiff's request for punitive damages with regard to the § 1983

claims against Tippet, Cloud and Boland in their individual capacities. See Smith v. Wade, 461

U.S. 30, 35, 103 S. Ct. 1625, 1629, 75 L. Ed. 2d 632 (1983) ("Individual public officers [are] liable

Case 1:05-cv-00764-JAB-PTS   Document 24   Filed 11/26/07   Page 20 of 22

for punitive damages for their misconduct on the same basis as other individual defendants").

III.  CONCLUSION

For the reasons discussed above, IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss [Document # 19] will be GRANTED in part and DENIED in part as follows. The DOT's Motion to Dismiss is GRANTED with respect to: (1) Plaintiff's Title VII claims against Tippett, Cloud and Boland in their official and individual capacities; (2) Plaintiff's Title VII claim for hostile work environment against all Defendants; (3) Plaintiff's § 1983 claim for race discrimination against the DOT; (4) Plaintiff's § 1983 race discrimination claim for monetary damages against Tippett, Cloud and Boland in their official capacities; (5) Plaintiff's § 1983 claim for hostile work environment against all Defendants; and (6) Plaintiff's claim for punitive damages under Title VII against the DOT.

However, Defendants' Motion to Dismiss is DENIED with respect to: (1) Plaintiff's Title VII claim against the DOT for failure to exhaust administrative remedies; (2) Plaintiff's § 1983 race discrimination claim for injunctive relief against Tippett, Cloud and Boland in their official capacities; (3) Plaintiff's § 1983 claim for race discrimination against Tippett, Cloud and Boland in their individual capacities on the basis of qualified immunity; and (4) Plaintiff's claim for punitive damages under § 1983 against Tippet, Cloud and Boland in their individual capacities.

This, the 26th day of November, 2007.

United States District Court Judge

22